RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
4 / 14 /15
ᎩᎢ

UNITED STATES DISTRICT COURT                    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| IBRAHIMA MBODJI,<br>    Petitioner | CIVIL ACTION<br>NO. 1:14-CV-03431 |
| VERSUS | |
| ERIC HOLDER, JR., et al.,<br>    Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Ibrahima Mbodji ("Mbodji") on December 11, 2014 (Doc. 1). Mbodji is contesting his continued detention by Immigration and Customs Enforcement ("ICE"), Department of Homeland Security, while awaiting removal from the United States. Mbodji contends he has been detained by ICE since November 24, 2010, that he is a native and citizen of Senegal, and that his order of removal became final in 2009 (Docs. 1, 16). Mbodji filed two motions for Respondents to show cause why he should not be released on supervision pending removal (Docs. 2, 5) and a motion to "terminate" his removal proceeding and for immediate release (Doc. 7), claiming that a travel document will not be issued for him and he will not be removed in the reasonably foreseeable future. The sole relief that Mbodji seeks, in his habeas petition and motions, is release from pre-removal detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

Zadvydas

Although the INS has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that Section 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.   Pursuant Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable."  Zadvydas, 533 U.S. 678, 121 S.Ct. 2491 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Zadvydas, 121 S.Ct. at 2505.  "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Zadvydas, 121 S.Ct. at 2505.

2

The six-month period is tolled if the alien "hampers" his deportation by, for example, initiating litigation regarding the validity of the deportation order or obstructing the INS from obtaining travel documents.  Also, if an alien obtains a stay of the deportation order, the six-month period is tolled.  When the actions of an alien prevent the INS from effecting deportation, delaying tactics do not support the alien's claim for release from deportation.  An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay.  Balogun v. I.N.S., 9 F.3d 347, 351 (5th Cir. 1993).  Also, Mytuyuk v. Young, 347 Fed.Appx. 50, 51 (5th Cir. 2009); Lightson v. Mukasey, 2008 WL 8053472 (S.D.Tex. 2008).

## Mbodji's Obstructive Actions

Respondents show in an affidavit by Gerald Smith, the Assistnt Field Office Director for the ICE facility at Gadsden, Alabama where Mbodji is presently detained, that Mbodji was released pending removal in 2009, convicted of embezzlement in a California state court, and returned to ICE custody on November 24, 2010 (Doc. 16).  Respondents further show in Smith's affidavit that Mbodji filed a motion to reopen his removal proceedings with the Board of Immigration Appeals ("BIA") in February 2011 which was denied in March 2011, Mbodji refused to board an aircraft for his removal on

April 21, 2011, Mbodji filed a second motion to reopen his removal proceedings with the BIA in August 2011 which was denied in October 2011, Mbodji appealed that denial at the Ninth Circuit Court of Appeals in November 2011, Mbodji filed a third motion to reopen with the BIA in October 2012 which was denied in November 2012 and appealed that denial at the Ninth Circuit in December 2012, and Mbodji's appeals were denied by the Ninth Circuit in January 2014 (Doc. 16).  Respondents show that ICE attempted to remove Mbodji again in April 2014 but he again refused to board the aircraft and Mbodji was placed in a failure-to-comply status in September 2014 (Doc. 16).

Respondents show that, in November 2014, ICE learned that Mbodji's 2007 travel document had expired so a new travel document request was submitted to Senegal, and ICE contacted the government of Senegal multiple times between November 2014 and March 2015 concerning that travel document request (Doc. 16).  Respondents show in Smith's affidavit that the government of Senegal has not declined to issue a travel document to Mbodji and there is no reason to believe that a travel document will not be issued in the reasonably foreseeable future (Doc. 16).

Mbodji could have been removed as early as four years ago, had he not refused to board the aircraft.  Since Mbodji's continued detention is due solely to Mbodji's continued obstructive actions, and Mbodji has not shown there is no significant likelihood of his

4

removal in the reasonably foreseeable future, Mbodji is not entitled to relief under <u>Zadvydas</u>. Therefore, Mbodji's habeas petition should be denied and dismissed with prejudice.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Mbodji's habeas petition be DENIED AND DISMISSED WITH PREJUDICE, and that Mgodji's motions (Docs. 2, 5, 7) be DISMISSED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases, see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 14th day of April 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE